IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mack Neil Myers, #241427, ) | C/A No. 0:08-00589-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| South Carolina Department of Corrections; ) | |
| Warden Burtt; Lt. D. McGee; Sgt. K. ) | |
| Myers; C/O Jenkin; C/O Fordham; and ) | |
| C/O Lloyd, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's motion for a preliminary injunction (Docket Entry 37) and the defendants' motion for summary judgment (Docket Entry 39). The plaintiff, Mack Neil Myers ("Myers"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants violated his constitutional rights. Myers alleges claims of excessive force and deliberate indifference to his medical and safety needs arising out of an alleged incident that occurred while he was incarcerated at Lieber Correctional Institution.

**PROCEDURAL HISTORY**

On February 20, 2008, the defendants removed this action to federal court. On March 27, 2008, Myers filed a motion for a preliminary injunction (Docket Entry 37) against several employees of Lee Correctional Institution and requested that he be transferred to either Broad River Correctional Institution or Kirkland Correctional Institution. On April 14, 2008, the defendants filed opposition to the motion (Docket Entry 48) and on April 21, 2008, Myers filed a reply (Docket Entry 52). On March 27, 2008, the defendants filed a motion for summary judgment. (Docket Entry 39.) By order filed March 31, 2008 (Docket Entry 40), pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Myers obtained an extension of time to respond to the motion for summary judgment and filed his response on June 3, 2008 (Docket Entry 61).

## BACKGROUND

Myers alleges in his complaint[1] that on August 11, 2006, he was being led back to his cell following his recreation time when someone allegedly jerked his handcuffs and pushed his head into a steel pole. (Compl., Docket Entry 1, Attachment 1 at 5.) Myers further asserts that he was repeatedly punched in the head, shoulder, and side by C/O Lloyd and C/O Fordham, resulting in pain and injury to his shoulder and body. (Id. at 6.) Myers contends that C/O Jenkin[2] requested that C/O Lloyd and C/O Fordham stop. (Id.) During this time, Myers alleges, Sgt. K. Myers stood observing the incident and smiling. (Id.) According to the plaintiff, Sgt. Myers eventually walked over and stopped the incident and then led the plaintiff to his cell. (Id.) Myers asserts that C/O Jenkin then called Lt. D. McGee[3] as well as a nurse (Nurse E. Gadson). (Id. at 7.) He alleges that Nurse Gadson arrived at his cell and escorted him to the infirmary. He claims that he requested that Lt. D. McGee take photos of his injuries but his request was denied. (Id.) Myers alleges that he was later taken to Trident Medical Center, where he was x-rayed and prescribed medication for his injuries. (Id.

---

[1]The facts and background as asserted by the plaintiff are derived from his complaint, which is not verified. This document is not sworn, notarized, or declared under penalty of perjury and therefore is weighed accordingly. See 28 U.S.C. § 1746.

[2]Based on the filings with the court it appears that C/O Jenkin, as referred to by Myers, should be C/O Jenkins. (See generally Docket Entry 39.)

[3]Based on the filings with the court it appears that Lt. D. McGee, as referred to by Myers, should be Lt. D. McGhee. (See generally Docket Entry 39.)

at 8.) Further, Myers asserts that he continues to require medication for the injuries that he sustained that day. (Id.)

Myers also asserts that C/O Lloyd assaulted him previously and, further, that Myers has complained to Warden Burtt regarding his staff but Burtt has failed to take action. (Id.) Myers requests $1.8 million in compensatory damages and $1.8 million in punitive damages, as well as injunctive relief in the form of having the employment of all of the personnel associated with this alleged incident terminated. (Id. at 12.)

## PRELIMINARY INJUNCTION

By motion filed March 27, 2008, Myers requested an emergency preliminary injunction against numerous employees of Lee Correctional Institution, specifically Lt. Hodge, Officer White, Officer Pugh, Nurse Pratt, Nurse Ben Wilson, and Nurse Singleton. Myers further requested that he be transferred from Lee Correctional Institution, preferably to either Broad River Correctional Institution or Kirkland Correctional Institution.

In response to this motion, the defendants note that none of the individuals that Myers seeks to enjoin are parties to this action. Moreover, Myers is no longer housed at either Lieber Correctional Institution (where the alleged incident giving rise to this case occurred) or Lee Correctional Institution. By letter filed May 7, 2008, Myers informed the court that he is now incarcerated at Perry Correctional Institution.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981). To obtain a preliminary injunction, a court must consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) the injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc.

v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); N.C. State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). However, "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994).

Myers's motion should be denied because he is unlikely to suffer irreparable injury if relief is denied. Myers has already been transferred from Lee Correctional Institution to Perry Correctional Institution, and therefore is no longer incarcerated in the institution with the employees he seeks to enjoin. Moreover, Myers's motion should be denied to the extent that it seeks relief from persons (Lt. Hodge, Officer White, Officer Pugh, Nurse Pratt, Nurse Ben Wilson, and Nurse Singleton) who are not parties to this action.

## MOTION FOR SUMMARY JUDGMENT

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

As an initial matter, Myers contends that summary judgment should not be granted because he has not received a transcript of his disciplinary hearing involving the events underlying this suit.[4] (Docket Entry 61 at 1.) Myers asserts that this evidence will demonstrate that the affidavits supporting the defendants' motion for summary judgment were submitted in bad faith. (Id.) However, based on the filings associated with Myers's motion to compel,[5] it does not appear that Myers requested the defendants to produce the transcript in discovery. (See generally Docket Entries 43, 44, & 79). Moreover, the deadline for completion of discovery has passed. (See Order, Docket Entry 12 (granting the defendants's motion for extension of time and providing them until

---

[4]This argument is contained in an affidavit declared under penalty of perjury filed by Myers, which the court is interpreting as an affidavit filed pursuant to Federal Rule of Civil Procedure 56(f).

[5]This motion was denied on January 6, 2009. Myers filed objections to the court's order on January 13, 2008. (Docket Entry 93.)

March 28, 2008 to respond to the plaintiff's discovery requests)). Accordingly, there appears to be no outstanding discovery that would preclude a ruling on the defendants' motion for summary judgment.

**B.     Excessive Force**

The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To proceed with his excessive force claim under the Eighth Amendment, Myers must demonstrate: (1) objectively, the deprivation was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Moreover, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The objective prong of an excessive force claim "excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). Further, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (*en banc*). The "core judicial inquiry" in evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7 (citing Whitley, 475 U.S. 312).

In Myers's unverified complaint, he contends that C/O Lloyd and C/O Fordham assaulted him without provocation.[6] (See Compl., Docket Entry 1, Attachment 1 at 5-6). C/O Lloyd attests that when she was removing Myers from recreation he attempted to "head butt" her, and she had to forcibly restrain him while he struggled. (See Lloyd Aff. ¶ 3, Docket Entry 39, Attachment 2). C/O Fordham attests that she did not apply any force to Myers that day nor did she observe any officer use unnecessary force on Myers. (See Fordham Aff. ¶ 4, Docket Entry 39, Attachment 6). Moreover, Lt. D. McGee attests that he charged Myers with the offense of Threatening to Inflict Harm on/Assaulting an Employee/or Members of the Public for attempting to "head-butt" Officer Lloyd. (See McGhee Aff. ¶ 4, Docket Entry 39, Attachment 3). On August 28, 2006, a disciplinary hearing was conducted by a Hearing Officer for the Department of Corrections, and she found Myers guilty of the offense based on Officer Lloyd's narrative and testimony that Myers attempted to "head butt" her. (See id. ¶ 5)

In response to the defendants' motion, Myers points to purported discrepancies in the incident reports and affidavits, such as the time the incident allegedly occurred and who handed Myers to Sgt. Myers to escort back to his cell. Based on these discrepancies, Myers argues that the affidavits in support of summary judgment were submitted in bad faith and the incident reports were "doctored" to cover up what actually occurred. However, the factual discrepancies alleged by Myers do not show that there is a genuine issue of material fact and are insufficient to demonstrate that they were submitted in bad faith. Myers has not presented any evidence from which a jury could reasonably find that any force used by the defendants was applied "maliciously and sadistically for

---

[6]In the court filings, there is also a discussion by both parties of a "declaration" attached to Myers's complaint. Although this declaration is not contained in the court's records, the declaration as described by the parties does not appear to raise any issues of material facts. The court filings show that it is a statement by a prisoner in the adjoining recreation cell who asserts that he thought the guards were "up to something" before he was returned to his regular cell. None of the parties contend that this prisoner observed the use of force incident.

the very purpose of causing harm" and not "in a good faith effort to maintain or restore discipline." Whitley, 475 U.S. at 321 (citation omitted).

Even viewing the facts in the light most favorable to the plaintiff, Myers's injuries were at most *de minimis,* which is insufficient to prevail on an excessive force claim. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*."). The medical records submitted by the defendants show that Myers was seen by medical staff following the use of force incident described in Myers's complaint. Moreover, Myers was sent to a hospital as a precaution based on his complaints. However, there is no evidence of anything more than *de minimis* injuries to the plaintiff. The prison medical records indicate only that Myers had several contusions. (See Medical Summ., Docket Entry 39, Attachment 5 at 12).[7] While Myers alleges in his unverified complaint that the use of force incident dislocated his shoulder and caused injury to his shoulder and side, he presents no medical evidence or even sworn statements to support the contention that he suffered from more than *de minimis* injuries. See Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998) (holding that "Taylor failed to create a genuine issue of material fact regarding more than *de minimis* injury" where the medical records did not support his claims of more than *de minimis* injury). Rather, the only medical evidence in the Record indicates to the contrary.

The medical records further indicate that Myers was complaining of all of these pains and injuries prior to the alleged use of force incident. Prior to August 11, 2006, Myers complained of suffering from a dislocated left shoulder and reported shoulder and side pains. (See id.) In April

---

[7]Myers also submitted unauthenticated medical records from Trident Hospital. (See Docket Entry 28, Attachment 1.) However, these records also indicate that Myers suffered only from contusions and tenderness. (See id. at 11, 16.)

and May of 2006, Myers complained of left sided pain because of an altercation he had before being transferred to Lieber. (See id. at 4 (Encounter 371), 6 (Encounter 379)). One month prior to the incident at issue, Myers complained of a chipped bone in his shoulder, and said he hurt his shoulder at another facility. (See id. at 9 (Encounter 392)). Several days before the use of force incident, Myers requested an x-ray of his shoulder. (See id. at 12 (Encounter 404)). His records from the day after the incident note that he had previously dislocated his shoulder. (See id. (Encounter 405)). Moreover, Myers complained of back injuries on numerous occasions prior to the use of force incident. (See id. at 3 (Encounter 368), 4 (Encounter 371), 5 (Encounter 374), 6 (Encounter 379), 7 (Encounter 383)). Myers claimed of back and side injuries on July 29, 2006, and requested x-rays on July 25, 2006 and August 9, 2006. (See id. at 10 (Encounter 395), 11 (Encounter 400), 12 (Encounter 404)). Myers also previously complained of pain in his right foot due to a bullet that is allegedly lodged in it. (See id. at 9 (Encounter 392), 10 (Encounter 395)).

Accordingly, even viewing the facts in the light most favorable to Myers, there is no evidence that the use of force incident caused Myers to sustain more than *de minimis* injuries. See Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998) (finding that bruises, swelling, and a loosened tooth were "constitutionally insignificant" when the force used was reasonably necessary to restore order); Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998) (stating that abrasions on the wrist and ankles and tenderness over some ribs constituted *de minimis* injuries); see also Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) (determining that relatively minor scrapes and bruises and less-than-permanent aggravation of a prior shoulder condition constituted *de minimis* injuries). Based upon the foregoing, Myers's excessive force claim fails.

**C.     Deliberate Indifference**

Included in Myers's complaint is a statement that the defendants were deliberately indifferent to his medical needs without any further factual support. In Myers's response to the defendants' motion for summary judgment, Myers asserts that he should be provided with an MRI to properly diagnose his pain. (See Docket Entry 61 at 2.)

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eight Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); Washington v. La Porte County Sheriff's Dep't, 306 F.3d 515 (7th Cir. 2002) (same). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. 97.

As recited above, Myers has been seen and treated by medical staff on numerous occasions. Furthermore, after the use of force incident, Myers was sent to the hospital for further examination. Myers's dissatisfaction with the treatment he received is insufficient, standing alone, to support an Eighth Amendment claim of deliberate indifference. Viewed in the light most favorable to Myers, there is no evidence that Myers's medical care was grossly inadequate. See Miltier, 896 F.2d 848. Accordingly, there is no evidence to support this claim.

**D.     Potential Liability of the Defendants**

The defendants also assert that with respect to defendants Warden Burtt, Lt. D. McGee, and C/O Jenkin, there is no evidence, nor even any allegation, that these defendants were directly involved with the alleged incident surrounding Myers's excessive force claim. Rather, Myers merely alleges that Warden Burtt failed to respond to his grievances or requests regarding the officers and had overall supervisory authority for that prison. (See Compl., Docket Entry 1, Attachment 1 at 2-3, 8). Myers states that Lt. D. McGee spoke with him after the incident occurred and that C/O Jenkin observed the incident and requested the other officers to stop what they were doing. (Id. at 6, 7.)

The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 & nn.1-2 (4th Cir. 1977). A plaintiff must allege that a defendant was personally involved in order to state a claim under § 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). Myers has failed to allege specific facts demonstrating that Lt. D. McGee and C/O Jenkin were personally involved in the use of force incident.

Moreover, unless Myers has set forth allegations of specific wrongdoing on the part of the Warden Burtt, Warden Burtt may not be held liable for the acts of others absent an official policy or custom for which he was responsible and which resulted in illegal action. See generally Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F. Supp. 426, 428-29 (E.D.N.C.1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Stubb v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C.1992); Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191 (E.D.N.C.1987); see also Slakan v. Porter, 737 F.2d 368, 375-76 (4th Cir. 1984). Myers has made no claim of any official policy or custom of Warden Burtt which resulted in the allegedly unconstitutional conduct at issue here. Therefore, Myers has failed to state a claim against defendants Warden Burtt, Lt. D. McGee, and C/O Jenkin.

**E.     Qualified Immunity**

The defendants further assert that they are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. To determine whether the defendants are entitled to qualified immunity, the court must determine whether their conduct "violate[s] clearly established rights of which a reasonable person would have known" and then examine whether the constitutional right was clearly established at the time of the alleged violation so that a reasonable official would have known it. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Wilson v. Layne, 526 U.S. 603, 609 (1999). If the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998). As Myers has failed to demonstrate a constitutional violation, the defendants are entitled to qualified immunity.[8]

**F.     South Carolina Tort Claims**

As the court recommends that summary judgment be granted on Myers's § 1983 claim, to the extent that Myers has any claims available under the South Carolina Tort Claims Act, S.C. Ann. § 15-78-10 et. seq., the court further recommends that supplemental jurisdiction should not be exercised over this state law claim. See 28 U.S.C. 1367(c).

---

[8] Moreover, although the defendants did not raise this issue in their motion for summary judgment, it appears that defendant South Carolina Department of Corrections and the individual defendants in their official capacities are entitled to immunity under the Eleventh Amendment. The Supreme Court has held that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e).

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the plaintiff's motion for a preliminary injunction (Docket Entry 37) be denied and that the defendants' motion for summary judgment (Docket Entry 39) be granted. It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, if any.

*Paige J. Gossett*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 14, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).