IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mack Neil Myers, #241427, | ) | |
| | ) | C.A. No. 0:08-589-HMH-PJG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden Burtt; Lt. D. McGee; Sgt. K. | ) | |
| Myers; C/O Jenkin; C/O Fordham; | ) | |
| and C/O Lloyd, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Plaintiff Mack Neil Myers ("Myers"), a state

prisoner proceeding pro se, seeks monetary compensation and injunctive relief for alleged

violations of his civil rights pursuant to 42 U.S.C. § 1983.  Magistrate Judge Gossett

recommends that the court grant Defendants' motion for summary judgment and deny Myers'

motion for a preliminary injunction.

Myers filed objections to the magistrate judge's Report and Recommendation.

Objections to the Report and Recommendation must be specific.  Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge.  See United States v. Schronce,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Myers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Myers, however, states one specific objection.  Myers objects to the magistrate judge's finding that there is no outstanding discovery that precludes a ruling on Defendant's motion for summary judgment. (Objections 3.)  Myers argues that "Defendants are not entitled to summary judgment when they refuse [sic] turn over discovery materials."  (<u>Id.</u>)

Specifically, Myers contends that summary judgment should not be granted because he has not received a transcript of his disciplinary hearing involving the events underlying this suit.  As the magistrate judge explains, however, Myers never requested that Defendants produce the transcript in the discovery process.  Moreover, Myers has failed to show that the transcript would assist him in any way in the prosecution of his claims.  Accordingly, Myers' objection is without merit.  After a thorough review of the magistrate judge's Report and the record in this case, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 39, is

granted; it is further

**ORDERED** that Myers' motion for preliminary injunction, docket number 37, is denied;

and it is

**ORDERED** that the court declines to exercise supplemental jurisdiction over Myers'

remaining state law claims, if any.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 10, 2009

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty

(30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.

3